IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 4:11CR3099 |
| v. | ) | |
| | ) | **MEMORANDUM** |
| JOAQUIN D. CERVANTES, | ) | **AND ORDER** |
| Defendant. | ) | |

Cervantes has filed a Motion to Vacate the Sentence pursuant to 28 U.S.C. § 2255. The Federal Public Defender has been appointed to represent Cervantes. The government has been required to respond, and the matter is now ripe for decision. I deny the motion, but grant a certificate of appealability on the three issues before me.

Those three issues are:

(1) whether *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process) applies retroactively to the Guidelines, particularly U.S.S.G. § 2K2.1(a)(1) (2011 Guideline Manual);

(2) whether an assault by a confined person within the meaning of Neb. Rev. Stat. § 28-309(1)(c) (1997)[1] is a crime of violence pursuant to U.S.S.G. § 2K2.1(a)(1)

---

[1] Neb. Rev. Stat. § 28-309(1)(c) (1997), the statute in effect at the time of the state conviction, provided that: "A person commits the offense of assault in the second degree if he or she: . . . While during confinement or in legal custody of the Department of Correctional Services or in any county jail, unlawfully *strikes or wounds another*." 1997 Nebraska Laws L.B. 364 § 4 (emphasis added).

(setting a base offense level of 26 for unlawful possession of firearm if the defendant committed the instant offense "subsequent to sustaining at least two felony convictions of . . . *a crime of violence*" (emphasis added)); and

(3) whether a terroristic threat within the meaning of Neb. Rev. Stat. § 28-311.01 (2015)[2] is a crime of violence pursuant to U.S.S.G. § 2K2.1(a)(1).

## *BACKGROUND*

Cervantes is definitely not a choir boy. On the contrary, I believe he is a dangerous person. In the vernacular, he might even be called a "gangbanger." (Filing No. 48 (*e.g.*, PSR ¶¶ 10-17, ¶ 60).)

For example, and recognizing that there were no objections (Filing No. 42) to the PSR, paragraph 60 of the PSR states:

> The defendant admitted past involvement with the Surenos 12 East Side Locos street gang. The Nebraska Department Corrections reported in April 2011 that "Mr. Cervantes has a moniker of Nutty or Mr. Nutty. His case manager was able to obtain a newspaper article, which stated when Mr. Cervantes attempted to leave the East Side Locos he was beaten in jail. Police were able to confirm this, as they believe his mug shot showed he had bruises. In speaking to Mr. Cervantes, he believes he will in fact have difficulty while incarcerated due to the fact that he is now an enemy of the Surenos. Staff should be cautioned as Mr. Cervantes does have a history of violent behavior towards staff and other inmates. Mr.Cervantes stated to this case manager that he would never ask for protective custody, but would instead fight to protect himself."

---

[2]"A person commits terroristic threats if he or she *threatens to commit any crime of violence*" with the intent to terrorize, cause an evacuation, or in reckless disregard of such terror or evacuation. Neb. Rev. Stat. § 28-311.01 (emphasis added). The law existed in this form at the time of the state conviction, although the grade of felony was changed in 2015.

On May 25, 2012, and after he entered a guilty plea, I sentenced Cervantes to 10 years in prison, which was the statutory maximum for being a felon in possession of a firearm (a sawed-off rifle). (Filing No. 46.) He had 21 criminal history points, and his Guideline range (absent the statutory maximum) was 120 to 150 months in prison. (PSR ¶ 96.)

The probation officer found that Cervantes had previously committed two crimes of violence, which raised his base offense level to 26 pursuant to U.S.S.G. § 2K2.1(a)(1) (2011 Guideline Manual). He also received a 4-level bump because the firearm involved had an altered or obliterated serial number.[3] With acceptance of responsibility, his total offense level was 26, and his criminal history category was VI.

One of those violent crimes involved an assault by a confined person, for which Cervantes was sentenced to 24-60 months in prison consecutive to two forgery convictions. (PSR ¶ 39.) He was 19 when he committed this offense. The records from the Nebraska Department of Corrections stated that he had received 73 misconduct reports while in prison.

The other crime of violence was committed when Cervantes was 25. (PSR ¶ 42.) He received a sentence of 48 months of intensive supervision, but he failed to abide by his conditions of supervision and was ultimately sentenced to 20-60 months in prison. In that case, he threatened a woman that "Marco Torres' people" would kidnap her sister and brother if she failed to cash a stolen check.

---

[3]The Adjusted Offense Level was 30. However, the cumulative offense level determined from the application of subsections U.S.S.G. § 2K2.1(b)(1) through (b)(4) could not exceed level 29.

3

## *ISSUE ONE—Retroactive Application of <u>Johnson</u> to the Guidelines*

Reading the "tea leaves," and struggling to apply *Teague v. Lane*, 489 U.S. 288 (1989), I find and conclude that *Johnson* is not retroactive when it comes to applying *Johnson* to a Guidelines challenge in a post-conviction action (§ 2255 motion) *Richardson v. United States*, 623 F. App'x 841, 842, 2015 WL 8956210 (8th Cir. 2015)[4] (regarding "Richardson's sentencing guidelines calculations . . . any extension of the rule in *Johnson* would not be a new *substantive* rule under *Teague v. Lane*") (emphasis added)). The interests of finality strongly favor such a decision.

In a related vein, because the Guidelines were, at the time of *Johnson*, not binding in any sense upon the sentencing judge, a sentencing judge was always free to reject the residual clause *in the Guidelines* on policy grounds. Thus, in the context of *Johnson*, retroactively blowing up the residual clause—a clause that the sentencing judge was free to reject—appears more procedural than substantive to me. However, there is room for debate on this subject. *James v. Zych*, No. 15CV3633 (ADM/SER), 2016 WL 29259, at *1 (D. Minn. Jan. 4, 2016) (citing and analyzing *Richardson*, but transferring the case to the Eighth Circuit for a determination of whether the petitioner would be allowed to file a second or successive motion based upon the retroactive application of *Johnson*).

## *ISSUE TWO—Assault by a Confined Person under Nebraska law*

Alternatively, I find and conclude that an assault by a confined person is a crime of violence within the meaning of U.S.S.G. § 2K2.1(a)(1). Application Note 1

---

[4]In this Circuit, unpublished opinions like *Richardson* may be cited when there is no other relevant authority. Local Rule of the Eighth Circuit 32.1A ("Parties may also cite an unpublished opinion of this court if the opinion has persuasive value on a material issue and no published opinion of this court or another court would serve as well.").

4

to the foregoing Guideline applies the "crime of violence" meaning in U.S.S.G. § 4B1.2(a) and Application Note 1 of the Commentary thereto.

By definition, "assaulting" someone by "striking or wounding" involves the use or threatened use of force under U.S.S.G. § 4B1.2(a)(1). The residual clause of U.S.S.G. § 4B1.2(a)(2) does not come into play.

### *ISSUE THREE—Terroristic Threats under Nebraska Law*

I have previously explained why a terroristic threat under Nebraska law is a "crime of violence" under U.S.S.G. § 4B1.2(a)(1), rather than the residual clause found under U.S.S.G. § 4B1.2(a)(2). *United States v. Fletcher*, No. 4:12CR3075, 2016 WL 30660 (D. Neb. Jan. 4, 2016) (among other things, noting that the Nebraska statute itself refers to this crime as a threat to commit a "crime of violence" and relying upon *United States v. Clinkscale*, 559 F.3d 815, 817-818 (8th Cir. 2009)). I adopt the reasoning of my prior opinion and incorporate it herein.

As a result, and incorporating the analysis in *Fletcher*, I thus alternatively find and conclude that a terroristic threat under Nebraska law is a "crime of violence" under U.S.S.G. § 4B1.2(a)(1), rather than under the residual clause found in U.S.S.G. § 4B1.2(a)(2).

### *CERTIFICATE OF APPEALABILITY*

The defendant "must make a substantial showing of the denial of a constitutional right" to obtain a certificate; that is, "a showing that [the] issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Garrett v. United States*, 211 F.3d 1075, 1076 (8th Cir. 2000) (denying certificate in a § 2255 proceeding) (citations omitted).

5

I grant the certificate as to the three issues discussed in this Memorandum and Order. I do so because the defendant has shown that the three issues discussed herein deserve further proceedings.

IT IS ORDERED that:

1. The Motion to Vacate the Sentence under 28 U.S.C. § 2255 (Filing No. 52 as amended by Filing No. 60) is denied and dismissed with prejudice.

2. A certificate of appealability is granted regarding the three issues set forth in this Memorandum and Order.

3. A separate judgment will be issued.

DATED this 22nd day of February, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge